IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | Case No: 23-CV-02091 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE:        COLIN S. BRUCE |
| | ) | MAGISTRATE:   ERIC I. LONG |
| BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ILLINOIS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR PERMISSION TO PROCEED UNDER PSEUDONYMS**

Now comes Plaintiff, John Doe, by and through undersigned counsel, Eric F. Long and

Tyler J. Walchanowicz, of Friedman, Nemecek & Long, L.L.C., and hereby moves for an Order

permitting Plaintiff to Proceed using the Pseudonym John Doe.  A proposed order is attached

hereto for the Court's consideration.   In support of Plaintiff's Motion, he adopts and incorporates

the attached Memorandum in Support.

Respectfully submitted,

*/s/ Eric F. Long*_____
ERIC F. LONG (ARDC #6299362)
TYLER J. WALCHANOWICZ (OH # 0100115)
Friedman Nemecek & Long, L.L.C.
1360 East 9th Street, Suite 650
Cleveland, OH 44114
P: (216) 928-7700
F: (216) 820-4659
E: efl@fanlegal.com
E: tjw@fanlegal.com

## <u>MEMORANDUM IN SUPPORT</u>

### I.    INTRODUCTION

Plaintiff, a former student at the University of Illinois ("University"), files this Motion to proceed under a fictitious name in his Complaint and all other filings in the case to maintain and protect his privacy and reputational interests as he seeks redress against the University for its mishandling of allegations of sexual misconduct against him by a female student at the University. John Doe also seeks to maintain his accuser's privacy by referring to her as "Jane Roe,"  as well as any other students involved in the process by referring to them by their initials.

All of Plaintiff's causes of action arise from the University's and the individual defendants' conduct relative to the disciplinary investigations and adjudication proceedings. Both the investigations and proceedings involve sensitive personal matters, including allegations of dating violence and sexual assault, which Plaintiff vehemently denies. In bringing this suit, Plaintiff seeks to clear his name. If Plaintiff is forced to reveal his identity in the Complaint, it will undoubtedly be detrimental to his professional reputation and career pursuits. The University is fully aware of John Doe's actual identity, as elaborated below, and will not be prejudiced in any way by the use of a pseudonym for the filings in this case.  Plaintiff also seeks to protect the privacy and reputational interests of the other party in the disciplinary process, who at all relevant times was John Doe's friend/former girlfriend, by utilizing the pseudonym of Jane Roe.

### II.    FACTUAL BACKGROUND

The facts underlying the lawsuit are set forth in detail in John Doe's Complaint, filed contemporaneously with this Motion, and will not be repeated here.  To briefly summarize, John Doe was falsely accused of sexual misconduct by his former girlfriend, Jane Roe. After the allegations were brought to the University's attention, Defendants employed a fundamentally

unfair process that sought to find male students, such as Plaintiff, responsible of sexual misconduct, and kick them out of school. At the conclusion of this flawed and unfair process, Defendants found Plaintiff responsible of sexual misconduct and dismissed him from the University.

### III.    LAW AND ARGUMENT

Although Fed.R.Civ.P. 10(a) requires that a complaint name all parties, Courts do allow the use of pseudonyms when the potential harm to the party requesting anonymity outweighs the possible prejudice to the opposing party.  *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004); *Doe v. Elmbrook Sch. Dist*., 658 F.3d 710, 721 (7th Cir. 2012).  It is left to the discretion of the district court whether to permit parties to proceed anonymously.  *Elmbrook Sch. Dist*., 658 F.3d at 721.  Courts have also permitted the use of a pseudonym "where the party has a privacy right so substantial as to outweigh the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Indiana Black Expo, Inc*., 923 F. Supp. 137, 139 (S.D. Ind. 1996) (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)).

Courts have avoided implementing a bright line test and instead focus on analyzing numerous factors when considering a party's request to proceed under a pseudonym.  These factors include, but are not limited to: "(1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; (5) whether the party defending against a suit brought under a pseudonym would be prejudiced; (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system." *Doe v. City of Indianapolis*, No. l:12-cv-0062-TWP-MJD, 2012 U.S. Dist.

LEXIS 24686, at *3 (S.D. Ind.); *see also Indiana Black Expo*, 923 F. Supp. at 140 (applying a nearly identical five-factor test). "[A] judge presented with a request to proceed under a fictitious name should carefully review all the circumstances of a given case and then decide 'whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiffs privacy concerns."' *Id.,* citing *Frank*, 95 l F.2d at 323.

Other courts have considered similar factors. For example, in *Sealed Plaintiff v. Sealed Defendant #1,* 537 F.3d 185 (2d Cir. 2008), the Second Circuit set forth a non-exhaustive list of factors to conduct this analysis that closely mirrors the factors articulated in *Indiana Black Expo:*

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; and (9) whether, because of the purely legal nature of the issues presented or otherwise, there is atypically weak public interest in knowing litigants' identities; and (10) whether there are any alternative mechanisms for protecting confidentiality of plaintiff.

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008) (internal citations and quotations omitted.)

Courts around the nation have long permitted parties to use pseudonyms when necessary to protect privacy and reputational interests, like the ones in this matter. *See, e.g., Doe v. Brandeis*, No. 15-11557, 2016 U.S. Dist. LEXIS 43499, at *93 (D. Mass. Mar. 31, 2016) (permitting use of pseudonym because student-plaintiff could be subject to "stigmatization" in lawsuit against college

that found him responsible for sexual assault); *see also Doe v. Von Eschenbach*, No. 06-2131, 2007 U.S. Dist. LEXIS 46310, at *4-5 (D.D.C. June 27, 2007) (noting that the use of pseudonyms "has been permitted where the issues are matters of a sensitive and highly personal nature" and observing that the "presumption of openness" must be balanced with the "plaintiff's privacy rights") (citation omitted); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) ("The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'") (citation omitted).

When examining the approach of courts around the nation, it is clear that courts are especially cognizant of protecting plaintiffs' identities in cases of college disciplinary matters. These courts have allowed plaintiffs who have brought claims against colleges and universities stemming from investigations of misconduct to proceed anonymously. Moreover, a substantial number of colleges and universities have recognized this substantial privacy right by not opposing student-plaintiffs' motions to proceed anonymously.  *See, e.g., Doe* v. *Alger,* 317 F.R.D. 37, 42 (W.D. Va. Mar. 31, 2016) (holding plaintiffs "privacy interest outweighs the presumption of the openness of judicial proceedings"); *Doe v. Columbia Univ.,* 101 F. Supp. 3d 356, 360 n. 1 (S.D.N.Y. 2015) ("Columbia consented to Plaintiff's request to proceed pseudonymously in light of the sensitive subject matter and the age of the students involved."); *Doe* v. *Univ. of the South,* 687 F. Supp. 2d 744, 764 (E.D. Tenn. 2009) (upholding the magistrate's order granting motion  to proceed under pseudonym in a case where plaintiff, a college male, was found responsible for violating college policies); *Doe* v. *Colgate Univ.,* No. 5:15-cv-1069 (LEK/DEP), 2016 U.S. Dist. LEXIS 48787, at *5 (N.D.N.Y. Apr. 12, 2016) (holding that student bringing suit against his university challenging its investigation and finding of misconduct can proceed anonymously after

balancing all pseudonym factors); *Doe* v. *Swarthmore Coll.,* No. 2:14-cv-00532-SD (E.D. Pa. Jan. 29, 2014) (granting motion to proceed under pseudonym and finding the student-plaintiffs application of pseudonym factors to his case "compelling").

### A.  The Factors Above Weigh Heavily in John Doe's Favor

Even a cursory review of the above factors suggest that Plaintiff ought to be afforded the opportunity to proceed anonymously via the use of a pseudonym. This case seeks redress for Defendants' continued mishandling of allegations of sexual misconduct against Plaintiff, as well as his ex-girlfriend. University of Illinois is a public university, so Plaintiff's complaint is challenging governmental activity. Moreover, Plaintiff, along with the female complainant in the underlying disciplinary proceeding, has a substantial privacy right that outweighs the public's interest in access to identities of litigants and the customary presumption of openness in judicial proceedings.  It is expected that this litigation will require the disclosure of intimate, highly personal information in the form of explicit details of John Doe's and Jane Roe's sexual activities. Because this case seeks redress for the University's mishandling of sexual misconduct allegations against John Doe, as well as allegations made by John Doe against Roe, he has a reasonable fear that he will suffer retaliation, social stigmatization and reputational harm if he is denied the opportunity to pursue this action without a pseudonym.

Additionally, there is no risk of prejudice to the University. The University knows the true identities of John Doe and Jane Roe, and all of John Doe's filings in the case will be publicly available. Only his name and that of Jane Roe and/or other students will be shielded from public disclosure. Indeed, permitting John Doe to use these pseudonyms will further the University's interest in maintaining the confidentiality of its disciplinary proceedings, particularly in the context of investigations into charges of sexual misconduct, like those levied against John Doe and Jane

Roe in the underlying proceeding. Although the public has a legitimate interest in the legal issues John Doe raises in his Complaint, including issues of fairness, gender discrimination, and contractual obligations owed by colleges to accused students in disciplinary proceedings involving sexual misconduct allegations, the actual identities of the individuals are of minimal importance to the public. John Doe is not a public figure and has maintained the confidentiality of his identity.

In the age of the Internet, John Doe's name would be forever related to the University's charges of sexual misconduct, regardless of the ultimate outcome of this lawsuit. Given the emotional charge associated with allegations of sexual misconduct, Plaintiff has a rational fear that disclosing his identity will lead to questions surrounding his moral character, integrity, and fitness for future employment. His future educational prospects and employment opportunities will almost certainly be severely hampered, as he will be forced to answer questions relating to the discipline, even if he were to prevail before this Honorable Court. *See, e.g., Brandeis.,* 2016 U.S. Dist. LEXIS 43499, at *93 ("A finding of responsibility for sexual misconduct can also have significant consequences off-campus. Post-graduate educational and employment opportunities may require disclosure of disciplinary actions taken by a student's former educational institution.") Under such circumstances, pseudonymous litigation is necessary and appropriate, and no other measure would accomplish such purpose.

Although there is a public interest in the *legal issues* raised in John Doe's Complaint - and in similar complaints brought by an increasing number of accused students who have been forced (like John Doe) to assert their rights in the courts against wrongful student disciplinary actions - the public has little interest in knowing, and no compelling need to know, the actual identities of the student-litigants and their accusers. John Doe only seeks to protect his identity and the identity

of his accuser. All filings submitted to the Court will be a matter of public record and will be available for public review.

Finally, John Doe may be deterred from pursuing his case in court if the price he must pay is being publicly identified. There is no alternative mechanism outside of the Court's permission to proceed anonymously to protect John Doe's confidentiality.  Furthermore, if John Doe is publicly identified, the University community and anyone loosely associated with the parties will have all the information necessary to quickly and easily ascertain the identity of Jane Doe and Jane Roe. Maintaining the anonymity of John Doe is imperative to maintaining the anonymity of all those involved in his case. The impact of this chilling effect may also deter other similarly situated individuals - including those who have been falsely accused of sexual misconduct and unfairly adjudicated by their colleges and universities - who turn to the courts as their last best hope to vindicate their rights.  Courts have determined that there is a substantial public interest in ensuring that cases involving important issues like those in John Doe's case are adjudicated without the risk of stigmatization. Therefore, this factor weighs in John Doe's favor.

## IV.    CONCLUSION

In order to challenge the University's student conduct and disciplinary policies, it is imperative that Plaintiff be able to remain his anonymity.  One of the primary factors in filing this lawsuit is to ensure that he maintains a good name in the community and is not unfairly branded as a collegiate sex offender.

**WHEREFORE,** for all of the reasons discussed above, Plaintiff John Doe respectfully requests that this Court grant Plaintiff's Motion for Permission to Proceed Under Pseudonyms during the duration of the instant litigation.

Respectfully submitted,

*/s/ Eric F. Long*
ERIC F. LONG (ARDC #6299362)
TYLER J. WALCHANOWICZ (OH # 0100115)
Friedman Nemecek & Long, L.L.C.
1360 East 9th Street, Suite 650
Cleveland, OH 44114
P: (216) 928-7700
F: (216) 820-4659
E: efl@fanlegal.com
E: tjw@fanlegal.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | | |
|---|---|---|---|
| JOHN DOE | ) | | |
| | ) | CASE NO: | 23-CV-02091 |
| | ) | | |
| Plaintiff, | ) | JUDGE: | COLIN S. BRUCE |
| | ) | MAGISTRATE: | ERIC I. LONG |
| | ) | | |
| v. | ) | **DECLARATION OF PLAINTIFF** | |
| | ) | **"JOHN DOE" IN SUPPORT** | |
| BOARD OF TRUSTEES OF THE | ) | **OF HIS MOTION TO PROCEED** | |
| UNIVERSITY OF ILLINOIS, et al. | ) | **UNDER A PSEUDONYM** | |
| | ) | | |
| Defendant. | ) | | |

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the following is true and correct:

1. I am the Plaintiff in the above captioned lawsuit.

2. My complaint is being filed contemporaneously with this declaration.  In the Complaint, I allege that the University of Illinois and the Individual Defendants have violated my rights and breached the contract between me and University of Illinois, in the manner in which the Title IX investigation and adjudication process had been conducted.

3. I was both a complainant and respondent in Title IX disciplinary process, both involving Jane Roe.  The allegations in both cases stem from allegations of sexual misconduct by me and Ms. Roe, in violation of the University's Sexual Misconduct Policy.

4. Given the highly sensitive nature of the allegations, I believe that proceeding with this lawsuit under my real name would cause irreparable harm to my reputation, future educational and employment opportunities, and personal relationships.

5.  Defendants' erroneous conclusions and the resulting interruption of my college education and future employment have had a profound negative effect on me, including on my emotional health.  These effects will worsen if my name is publicly tied to the issue of sexual misconduct.

6.  Given the nature of the internet and public court records, I fear that if my identity must be disclosed to clear my name, I will forever be linked to the label of "rapist" regardless of the outcome of this suit or the hearing.

7.  There is also a risk that Jane Roe and other involved student-witnesses could be identified if I am forced to use my real name.

8.  I declare under the penalty of perjury that the foregoing is true and correct.

Executed on April 17, 2023

*John Doe*

_____

"John Doe"

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOHN DOE,                           )
                                    )      Case No: 23-CV-02091
            Plaintiff,              )
                                    )
      v.                            )      JUDGE:           COLIN S. BRUCE
                                    )      MAGISTRATE:      ERIC I. LONG
BOARD OF TRUSTEES OF THE            )
UNIVERSITY OF ILLINOIS, et al.      )
                                    )
            Defendants.             )


## <u>**PROTECTIVE ORDER**</u>


To protect the interests of Plaintiff and others in this action, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff shall proceed in this action under the pseudonym "John Doe."

2. The parties shall refer to student-witnesses who were involved in the disciplinary proceedings using their initials only.

3. The parties shall refer to Plaintiff's ex-girlfriend as "Jane Roe."

4. All documents filed with the Court that contain the name of Plaintiff or other student-witnesses, either directly or indirectly, shall be filed under seal. In all publicly filed documents, Plaintiff and other student-witnesses shall be identified only by pseudonym.

5. The identities of Plaintiff and other student-witnesses may be disclosed only to the extent reasonably necessary for the conduct of this action and only to the following:

    a. The Court (including any appellate court) and Court personnel;

    b. Court reporters and videographers in connection with the taking of a deposition or the transcription of court proceedings;

    c. Attorneys for the parties to this action and employees of the attorneys' firms;

     d. Plaintiff's immediate family members and Defendant's officers, directors, representatives, and trustees;

     e. Experts, advisors, consultants, and other persons engaged to assist directly in this action; and

     f. Mediators, facilitators, arbitrators, or other third-party neutrals that are engaged by the parties to participate in a resolution of this action.

6. Individuals to whom disclosure of Plaintiff's identity is made shall not further disclose that information to any other person.

7. Any person to whom disclosure of Plaintiff's identity is made shall first read this Protective Order prior to having access to Plaintiff's identity.

8. Under no circumstances shall any person disclose Plaintiff's name to the media without the consent of Plaintiff's counsel.

9. If any specific issues related to the non-disclosure of Plaintiff's identity arise during the course of this action, the parties shall seek to resolve those issues without court intervention. If the parties cannot agree, they shall seek further clarification from this Court.


**IT IS SO ORDERED**.


Date:                      _____

                                  United States District Judge