## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

|  |  |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) **Case No: 2:23-cv-02091** |
| | ) |
| v. | ) |
| | ) **Hon. Colleen R. Lawless** |
| | ) **Magistrate Judge Eric I. Long** |
| BOARD OF TRUSTESS OF THE | ) |
| UNIVERSITY OF ILLINOIS, et al., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM

Defendants submit this reply in support of their Motion to Dismiss to address supplemental authority from the Seventh Circuit, issued after Defendants' opening Memorandum was filed, that clarifies pleading requirements for due process claims in the student discipline context.[1]

### A.    Plaintiff Does Not Identify A Cognizable Liberty Interest.

After Defendants filed their initial motion on July 14, 2023, the Seventh Circuit issued a decision in *Malhotra v. University of Illinois at Urbana-Champaign* on August 8, 2023. That decision clarifies the requirements of the "stigma plus" test with respect to pleading a cognizable liberty interest for a due process claim. 77 F.4th 532 (7th Cir. 2023). Plaintiff filed his

---

[1] Defendants also note that the Response does not respond to Defendants' arguments that (1) the Board must be dismissed from Plaintiff's due process claim; (2) the Individual Defendants must be dismissed from Plaintiff's Title IX and breach of contract claims; (3) Plaintiff's official-capacity claims against the Individual Defendants for monetary damages must be dismissed; and (4) Plaintiff's individual-capacity claims against the Individual Defendants for injunctive relief must be dismissed. By not responding, Plaintiff has waived any opposition to these arguments. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (a litigant waives an issue which is the subject of a motion to dismiss if he does not respond to it).

Memorandum in Opposition to Defendants' Motion to Dismiss ("Response") after the *Malhotra* ruling but did not cite the decision.

In *Malhotra*, the plaintiff alleged he had a liberty interest in his chosen career of a healthcare consultant; that his suspension adversely affected his pursuit of this career because the university would "invariably" disclose his disciplinary record to any graduate school or employer to which he applied; and that he "may suffer harm to his future career prospects." 77 F.4th at 537-38. The Seventh Circuit clarified as follows with regard to such claims of deprivation of an "occupational liberty" interest:

> [A] state actor can violate the Constitution by depriving a plaintiff of his "occupational liberty"—his right to pursue a career of his choice. [*Doe v. Purdue Univ.*, 928 F.3d 652, 661 (7th Cir. 2019)]. That said, "the loss of reputation is not itself a loss of liberty," even when the reputational loss causes a "serious impairment of one's future employment." *Purdue*, 928 F.3d at 662 (citation and quotation marks omitted). A state actor infringes on a liberty interest only by "cast[ing] doubt on an individual's ... reputation" to such a degree that "it becomes virtually impossible for the [individual] to find new employment in his chosen field." *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 617 (7th Cir. 2002) (citation and quotation marks omitted).

*Id*. at 538. Applying this standard, the Seventh Circuit affirmed dismissal of a due process claim and found the plaintiff's allegations "too speculative to plausibly suggest that it will be virtually impossible for him to pursue a career as a healthcare consultant," because "[e]ven if University officials will 'invariably' disclose his suspension to graduate schools and employers," this at most suggests "that his career prospects 'may' be affected." *Id.* As the Court explained:

> After his suspension, Malhotra can return to the University, graduate, and then apply to a variety of graduate schools or jobs in the field of his choice. He has not alleged that he applied to these schools or jobs yet none would take him. While we acknowledge that future schools and employers might not look favorably on a suspension for violating the University's rules, it is far from clear that they would reflexively turn Malhotra away for this reason. The allegations therefore do not suggest that the suspension will make it impossible for him to become a healthcare consultant.

*Id.* The Court further distinguished the plaintiff's allegations from those in *Purdue*, in which the plaintiff was expelled from and unable to re-enroll in the Naval ROTC program as a result of his dismissal, which thwarted his chances of pursuing naval service. *Id.* (citing *Purdue*, 928 F.3d at 662-63). The plaintiff in *Malhotra*, by contrast, did not plausibly allege that his suspension would "functionally bar [him] from an entire field of work." *Id.*

Here, Plaintiff's allegations are more akin to those at issue in *Malhotra*, rather than *Purdue*. The Response cites only paragraphs 142 and 341 of the Complaint as supporting Plaintiff's alleged liberty interest, but these paragraphs merely allege that Plaintiff was dismissed from UIUC and has suffered damages to his reputation as a result, including "loss of future employment," "a significantly lower probability of being admitted to another university," and other damages. Resp. at 12; Compl. ¶¶ 142, 340-41. Under the Seventh Circuit's controlling precedent in *Malhotra*, these vague and speculative allegations are plainly insufficient to avoid dismissal.

## B.  Plaintiff Does Not Identify A Cognizable Property Interest.

In *Malhotra,* the Seventh Circuit also addressed pleading requirements for alleging a property interest in continued education at a state university, which Plaintiff has not satisfied. The court reiterated: "Put simply, the student's complaint must be specific about the source of this [express or] implied contract, the exact promises the university made to the student, and the promises the student made in return." 77 F.4th at 537 (quoting *Charleston v. Bd. of Trs. of Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013)). Plaintiff's Response does not specifically identify any promise but, rather, argues that "the Complaint contains more than sixty paragraphs and subparagraphs highlighting the promises [UIUC] made to Plaintiff" and that the documents attached as exhibits to the Complaint contain "additional promises." Resp. at 10 (citing Compl. ¶¶ 49-112, 345-346, 349). Plaintiff's general reference and citation to sixty paragraphs of the Complaint and its exhibits is insufficient to identify a *specific promise* that UIUC made that

allegedly creates a property interest in Plaintiff's education at UIUC, as required by the Seventh Circuit. *See Malhotra,* 77 F.4th at 537; *Charleston,* 741 F.3d at 772.

Indeed, the majority of the sixty paragraphs cited refer to or describe UIUC's Student Disciplinary Procedures and the procedures it follows to investigate and resolve complaints of sexual misconduct. Compl. ¶¶ 49, 58-60, 64-112, 349. Allegations that UIUC conferred on Plaintiff certain procedural rights in a disciplinary proceeding do not create a constitutionally protected property interest. *Charleston,* 741 F.3d at 773. Other paragraphs Plaintiff cites contain only general references to UIUC's policies and procedures, definitions of certain terms in UIUC's Policy on Sexual Misconduct, argument regarding which procedures should have applied to the resolution of the complaint against Plaintiff, and conclusory allegations of an alleged property interest arising from UIUC's policies and procedures. *See* Compl. ¶¶ 50-57, 61-63, 345-46. These allegations lack any specific promise about how or why a student may or may not be dismissed, and do not amount to an entitlement to a continuing education.

## <u>CONCLUSION</u>

For the reasons set forth above and in Defendants' Memorandum of Law in support of its Motion, Defendants respectfully request that this Court dismiss: (a) Plaintiff's Title IX claim in Count I against the Individual Defendants; (b) Plaintiff's due process claim in Count II in its entirety; (c) Plaintiff's breach of contract claim in Count III against the Individual Defendants; and (d) Plaintiff's stand-alone declaratory judgment claims in Counts IV and V in their entirety.

Dated: September 19, 2023

Respectfully submitted,

Defendants Board of Trustees of the University of
Illinois, Danielle Fleenor, Rony Die, Justin Brown,
January Boten, Debra Imel, and Mariah Young,


By: /s/ Peter G. Land
             One of their Attorneys

Peter G. Land (Lead Counsel) #6229659
Gwendolyn B. Morales #6297233
Husch Blackwell LLP
120 S. Riverside Plaza, Suite 2200
Chicago, Illinois 60606
(312) 655-1500
Peter.Land@huschblackwell.com
Gwendolyn.Morales@huschblackwell.com

### <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 19th day of September, 2023, a copy of the above and foregoing document was filed with the Clerk of Court using the CM/ECF system which sent electronic notification of such filing to all the following:

> Eric F. Long
> Tyler Joseph Walchanowicz
> Friedman Nemecek & Long L.L.C.
> 1360 East 9th Street, Suite 650
> Cleveland, OH 44114
> T: 216-928-7700
> efl@fanlegal.com
> tjw@fanlegal.com

/s/ Peter G. Land